**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

JIMMIE M. EDWARDS,              )
                                   )
                                   )
       Plaintiff,            )
                                   )
v.                               )      Case No. 4: 25-cv-3
                                   )
SAINT LOUIS PUBLIC SCHOOLS,    )
                                   )
                                   )
       Defendant.         )

**FIRST AMENDED AND SUPPLEMENTAL COMPLAINT**

COMES NOW Plaintiff Jimmie M. Edwards and, pursuant to FRCP 15(a)(1)(B), for his First Amended Complaint states:

1.      Plaintiff Jimmie M. Edwards ("Edwards") is a resident of the City of St. Louis

2.      Defendant Saint Louis Public Schools ("SLPS") is a political subdivision of the State of Missouri located in St. Louis City, Missouri, and possesses all of the usual powers of a corporation for public purposes and in that name may sue and be sued.

3.      Jurisdiction and venue are proper in this Court in that Defendant can be found in the City of St. Louis, the events described herein occurred in the City of St. Louis, and pursuant to § 508.010(4) in that Plaintiff was first injured in the City of St. Louis.

4.      In 2009, Plaintiff established a Juvenile Justice Program known as the Innovative Concept Academy ("ICA") dedicated to the education and rehabilitation of children that had been expelled or long-term suspended from regular schools.

5.      The ICA was housed at the former Blewett Elementary School located at 1927 Cass Avenue in the City of Saint Louis, Missouri ("Blewett Building").   The Blewett Building was owned at all relevant times by SLPS.

6.      The ICA was supported by many partners, including SLPS, MERS Goodwill, the St. Louis Circuit Court, Local 420 Union, Roy Gillespie and other individuals, agencies and companies.

7.      SLPS' contribution to the ICA was academic support to non-Type 1 SLPS students, not to exceed one hundred thirty students.

8.      SLPS did not contribute furniture, equipment or supplies to the ICA.

9.      Between 2009 and 2022, students', teachers' and staff furniture, equipment and supplies were provided by Plaintiff or MERS Goodwill.

10.     In the course of assisting with the operations of the ICA, Edwards stored a significant amount of his personal property at the Blewett Building ("Personal Property").  The Personal Property included: furniture with an estimated value of $300,000; supplies with an estimated value of $80,000; suits and dress clothes with an estimated value of $275,000; and uniforms with an estimated value of $40,000.

11.     On information and belief, SLPS possesses no property inventory list or receipt for any of the personal items used by the Program between 2009 and 2022.

12.     On information and belief, SLPS possesses no grant documents that indicate the subject of any Personal Property used by ICA at the Blewett Building was for the benefit of SLPS.

13.     ICA officially ceased operations at the conclusion of the 2021-2022 academic school year, at which time several partners removed their personal property including furniture, equipment and supplies.

14.     At the end of the 2023-2024 academic year, Plaintiff began to remove his Personal Property from the Blewett Building.

15.     On information and belief, in August of 2024, an SLPS employee named Bobby Edwards was assigned to work as Director at the Blewett Building to create a new alternative school for SLPS students.

16.     In August of 2024, Bobby Edwards hosted a professional development meeting at the Blewett Building for its assigned teachers and staff.  On information and belief, during the professional development meeting Bobby Edwards told the staff that, in 1998, Plaintiff had taken him away from his family and placed him in foster care and that "what goes around comes around."

17.     On August 20, 2024, Bobby Edwards advised Plaintiff that Plaintiff was no longer permitted on the premises of the Blewett Building and that Plaintiff could not remove his Personal Property.

18.     On August 21, 2024, Plaintiff contacted Defendant's Interim Superintendent, Dr. Milicent Borishade, and demanded the release of his Personal Property. Dr. Borishade did not order the property release but set up a meeting to discuss the property.

19.     On August 26, 2024, Plaintiff attended a meeting at the St. Louis Board of Education building.  In attendance at the August 26, 2024 meeting were Interim Superintendent Dr. Millicent Borishade, Defendant's Board President Antionette T. Cousin, Network Superintendent Dr. Tonya M. Bailey, Myra Berry and Allison N. Deno.

20.    During the meeting and on several occasions thereafter, Plaintiff demanded the immediate return of his Personal Property.  All of those requests for the return of the Personal Property have been denied.

21.    On information and belief, following Plaintiff's August 26, 2024 meeting with Defendant's employees, Defendant ratified the permanent taking and conversion of the Personal Property by changing the locks to at least seven rooms where the Personal Property is stored.

22.    Since August of 2024, SLPS has used most of the Personal Property for public purposes, including using the Personal Property to further the educational mission of SLPS and thereby saving SLPS from having to purchase needed furniture, clothing and supplies.

23.    Upon information and belief, significant amounts of clothing that were part of the Personal Property were destroyed due to a flood occurring at the Blewett Building on or about February 12, 2025.

### COUNT I - Conversion

24.    Plaintiff herein incorporates paragraphs 1-23 above as if restated verbatim.

25.    At all times relevant, Plaintiff was the rightful owner of the Personal Property and entitled to the immediate possession of the Personal Property.

26.    SLPS has intentionally assumed possession and control of the Personal Property without authorization or right.

27.    SLPS has intentionally excluded Plaintiff, the rightful owner of the Personal Property, from possession and control of the Personal Property.

28.    The act of conversion of Plaintiff's property was done with an evil motive.

29.    SLPS is not entitled to invoke sovereign immunity for the intentional conversion of personal property and acts described herein.  In the alternative, SLPS is not entitled to

sovereign immunity for the acts described herein, in that SLPS' participation in the ICA and its subsequent acts in withholding the Personal Property constituted the performance of a propriety function.

30.     Upon information and belief, SLPS purchased liability insurance and/or duly adopted a self-insurance plan providing coverage for the acts described herein and for Plaintiff's claims described herein, thereby waiving sovereign immunity.

WHEREFORE, Plaintiff Jimmie M. Edwards requests that this Court enter judgment in his favor, award him such damages as shall be determined to be fair and reasonable, and provide him with such further relief as is just.

## COUNT II – Inverse Condemnation

31.     Plaintiff herein incorporates paragraphs 1-30 above as if restated verbatim.

32.     At all relevant time, SLPS was a public entity with the power of condemnation.

33.     SLPS' actions described above constitute a taking of Plaintiff's Personal Property for public use without just compensation, in violation of Art. I, § 26 of the Missouri State Constitution and the Fifth Amendment to the United States Constitution as made applicable to the states by the 14th Amendment to the U.S. Constitution,

34.     To the extent this Count seeks relief under the federal constitution, it is brought pursuant to 42 U.S.C. § 1983.  Plaintiff is further entitled to an award of his litigation costs and attorneys' fees incurred herein pursuant to 42 U.S.C § 1988.

WHEREFORE, Plaintiff Jimmie M. Edwards requests that this Court enter judgment in his favor, award him such damages as shall be determined to be fair and reasonable, award him

his attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 1988; and provide him with

such further relief as is just.

KISTNER, HAMILTON, ELAM & MARTIN, LLC

By: /s/ Elkin L. Kistner
    Elkin L. Kistner                    #35287MO
    Sean M. Elam                        #56112MO
    William E. Kistner                  #70540MO
    1406 North Broadway
    St. Louis, MO 63102
    Telephone: (314) 783-9798
    Facsimile:  (314) 944-0950
    E-mail: elkinkis@law-fort.com
    E-mail: smelam@law-fort.com
    E-mail: bill@law-fort.com
    *Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document

was served this 13th day of February, 2025 via the Court's electronic filing system to all counsel

of record.

/s/ Elkin L. Kistner